IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES F. DOWDEN, TRUSTEE OF
THE BANKRUPTCY ESTATE OF
HUGH DANA HUCHINGSON                                                      PLAINTIFF

v.                              Case No. 6:18-cv-6123

CORNERSTONE NATIONAL
INSURANCE COMPANY                                                          DEFENDANT

## MEMORANDUM OPINION

This is a lawsuit filed by a bankruptcy trustee, James F. Dowden, against a liability insurance carrier, Cornerstone National Insurance Company, for the debtor in bankruptcy, Hugh Huchingson.[1] Before the Court are cross-motions for summary judgment. ECF Nos. 39, 42. Both Plaintiff and Defendant have filed responses in opposition to the summary judgment motions. ECF Nos. 45, 47. Both parties have filed replies. ECF Nos. 50, 53. The motions are ripe for the Court's consideration.

### I. BACKGROUND

The material facts in this case are undisputed. Defendant issued an insurance policy ("Policy") to Plaintiff, with limits of $25,000 per person for bodily injury. ECF No. 39-1. On March 31, 2017, during the policy period, Plaintiff was involved in an automobile accident with Belinda Gail Duggan. On April 1, 2017, Plaintiff reported the accident to Defendant. A claim adjustor was assigned to Plaintiff's claim, and she spoke with Plaintiff on April 3, 2017, about the accident.

On May 15, 2017, Plaintiff was served with a summons and complaint for a lawsuit filed by

---

[1] Huchingson filed for bankruptcy on July 13, 2018, and Dowden was assigned as the bankruptcy trustee. The bankruptcy trustee stands in the shoes of the debtor. Therefore, the trustee can pursue the debtor's causes of action against third parties. *See In re Ozark Rest. Equip. Co.*, 816 F.2d 1222, 1225 (8th Cir. 1987). In this case, Dowden is standing in the shoes of Huchingson and pursuing claims against Cornerstone National Insurance Company. For ease of reference, when the Court refers to "Plaintiff," it is referring to Huchingson, although Dowden is technically the Plaintiff in this case.

Duggan in state court, seeking damages for her personal injuries caused by the accident. On May 17, 2017, Plaintiff called Defendant's toll-free number for reporting claims.[2] This number was monitored by Harmon Solutions Group ("HSG"), a third-party answering service that would intake new claims and transmit the claim information in memo form to Defendant via email. Jessica Parton, an HSG representative, answered Plaintiff's call.

Plaintiff stated that he needed to "talk to somebody about an accident [he] was in on March the 31st." ECF No. 42-1, p. 17. He then stated that "they're trying to sue [him]." ECF No. 42-1, p. 17. Parton asked Plaintiff if he had already filed a claim, and Plaintiff replied that he had not. Parton then informed Plaintiff that she could file his claim and that a representative would be assigned to him.[3] Plaintiff and Parton then discussed in detail the information needed to file a claim regarding the March 31, 2017 accident.

During this exchange of information, Parton asked Plaintiff if Duggan was injured. Plaintiff responded that she was and that "[t]hey sent me some—saying that—a report saying that uh she suing me and saying that she was hurt pretty bad." ECF No. 42-1, p. 31. Parton then asks, "[d]oes it say what kind of injury she had?" ECF No. 42-1, p. 31. Plaintiff replied, "Yeah. Just a second here. Okay now this is her attorney that wrote all this out—you know—it's not on the police report or nothing." ECF No. 42-1, p. 31. Plaintiff then began reading from a section of the complaint filed by Duggan in state court that described her damages. At no point during the conversation with Parton did Plaintiff state that he was reading from a complaint or that he had received a summons and complaint. Instead, Plaintiff referred to a "report" written by Duggan's attorney. ECF No. 42-1, p. 31.

After Plaintiff finished reading from the "report," Parton stated that "as far as her suing you—

---

[2] Plaintiff did so even though he had already reported the claim to Defendant on April 1, 2017.
[3] In April 2017, Plaintiff had already spoken with the claim adjustor assigned to his claim.

I'm gonna make a note of that as well." ECF No. 42-1, p. 32.  She then asked Plaintiff if Duggan was suing him for medical expenses, and Plaintiff stated, "[t]hat and the car maybe." ECF No. 42-1, p. 32. Parton asked if the police report states who is at fault, and Plaintiff responded that "they're trying to say I failed to yield." ECF No. 42-1, p. 32. After Parton stated that she had all the information required, she asked Plaintiff if he had anything to add. Plaintiff asked if "they are gonna get the police report or [did he] need to send one." ECF No. 42-1, p. 32. Parton responded, "I believe that your representative is gonna go ahead and get it. Their own copy of the police report. But if you are required to send anything in they'll let you know how to do it." ECF No. 42-1 p. 32. The phone call ended shortly thereafter. HSG's memo to Cornerstone states that Duggan "is suing the insured for the accident, including medical expenses, pain and suffering and possibly the vehicle." ECF No. 42-1, p. 16.

Plaintiff did not file a timely answer in the Duggan lawsuit. On June 29, 2017, a default judgment on liability was entered against Plaintiff. He then received notice in the mail that a damages trial had been scheduled. On August 30, 2017, Plaintiff called Defendant and spoke with a new claims adjustor that had been assigned to his file. On August 31, 2017, Plaintiff faxed to Defendant a copy of the complaint, summons, and damages trial notice.

Defendant hired and paid for an attorney to defend Plaintiff at the damages trial in state court, which was held on April 10, 2019. Defendant offered its policy limits to Duggan, and Duggan rejected the offer. A final judgment was entered in favor of Duggan for $2,597,232.50. In August 2019, Plaintiff accepted Defendant's payment of $25,000, which represented the amount of the policy limits.

On July 13, 2018, Plaintiff filed for Chapter Seven bankruptcy. Dowden, the bankruptcy trustee, then filed the instant lawsuit in state court, and Defendant removed it to this Court. Plaintiff

alleged causes of action for breach of contract, bad faith, and negligence.  Defendant filed a Motion to Dismiss (ECF No. 6) pursuant to Federal Rule of Civil Procedure 12(b)(6), and the Court granted the motion as to the negligence and bad faith claims.  (ECF No. 18).  Only the breach of contract claim remains, which is the subject of the cross-motions for summary judgment.  (ECF Nos. 39, 42).

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure provide that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995).  The Supreme Court has issued guidelines for trial courts to determine whether this standard has been satisfied.

"The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A fact is material only when its resolution affects the outcome of the case.  *Id*. at 248.  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party.  *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Id*.  The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial.  *Krenik*, 47 F.3d at 957.  A party opposing a properly supported motion for summary judgment may

not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

## III. DISCUSSION

The parties' main fighting point concerns whether Defendant breached its duty to defend Plaintiff pursuant to the Policy. Plaintiff argues he is entitled to summary judgment because he complied with the Policy and Defendant breached its duty to defend him. Defendant argues it is entitled to summary judgment because Plaintiff failed to comply with a condition precedent to coverage, there is no coverage or duty to defend under the Policy.[4]

The Policy language at issue is as follows:

> PART G – DUITES AFTER AN ACCIDENT OR LOSS
>
> We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
>
> . . .
>
> B. A person seeking any coverage must:
>
> . . .
>
> 2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.
>
> . . .
>
> PART H – GENERAL PROVISIONS
>
> . . .
>
> LEGAL ACTION AGAINST US

---

[4] Defendant also believes that it is entitled to summary judgment for the following reasons: (1) it has already paid out the amount of the policy limits, which is $25,000; and (2) Plaintiff will receive a discharge in bankruptcy and thus will have no personal expose to any judgment in excess of the policy limits. However, the Court will not address these enumerated arguments because the Court finds that summary judgment in favor of Defendant is appropriate based on Plaintiff's failure to comply with a condition precedent to coverage.

> A. No legal action may be brought against us until there has been full compliance with all the terms of this policy.

Because this is a diversity case, the Court will apply Arkansas law. "If an insurance policy treats the giving of notice of a lawsuit as a condition precedent to recovery, 'the insured must strictly comply with the notice requirement, or risk forfeiting the right to recover from the insurance company.'" *Am. Railcar Indus., Inc. v. Hartford Ins. Co. of the Midwest*, 847 F.3d 970, 973 (8th Cir. 2017) (quoting *Fireman's Fund Ins. Co. v. Care Mgmt., Inc.*, 2010 Ark. 110, 361 S.W.3d 800, 803 (2010)). In other words, Arkansas law requires an insured to comply with contractual conditions precedent before the insurer has any contractual duties to defend or indemnify.

Plaintiff first argues that the above-quoted Policy language is not a notice requirement, but rather, is a cooperation clause, which is treated differently in Arkansas. However, Arkansas law does not support this argument. *See Kimbrell v. Union Standard Ins. Co.*, 207 F.3d 535, 537 (8th Cir. 2000) (applying Arkansas law and concluding that notice language requiring the insured to give prompt notice of the accident or loss and immediately forward legal papers, combined with the requirement that no legal action may be brought "without full compliance with . . . [the] Coverage Form," establish by necessary implication that the notice provisions are conditions precedent to recovery); *Ramey v. State Farm Mut. Auto Ins. Co.*, 54 Ark. App. 307, 309-10 (1996) (finding the insurance policy provision at issue was not a cooperation clause but instead a provision requiring the insured to immediately inform the insurer that a lawsuit had been filed); *Huffman v. Generali – U.S. Branch*, No. CA96-559, 1997 WL 177831, at *2 (Ark. Ct. App. Apr. 9, 1997) (recognizing a difference in a duty to cooperate and a duty to give notice by promptly forwarding to the insurance company any legal papers received in connection with the accident or loss).

The Policy unambiguously provides that Defendant has "no duty to provide coverage" unless Plaintiff promptly sends Defendant "copies of any notices or legal papers received in connection with

the accident or loss." ECF No. 39-1, p. 18. The Policy further provides that the Plaintiff cannot bring legal action against Defendant for coverage under the Policy until he has complied with all the terms of the policy. ECF 39-1, p. 19. There is no question that providing notice to Defendant of a pending legal action is a condition precedent to coverage. Thus, Plaintiff forfeits any right to recover from Defendant if he did not strictly comply with this notice requirement. *Am. Railcar Indus.*, 847 F.3d at 973 ("In sum, it is well-settled law in Arkansas that an insured must strictly comply with an insurance-policy provision requiring timely notice where that provision is a condition precedent to recovery. Failure to do so constitutes a forfeiture of the right to recover from the insurance company, regardless of whether the insurance company was prejudiced by the failure.").

Plaintiff next argues that he fulfilled the notice requirement by giving "timely and sufficient notice of the suit to Defendant." ECF No. 43, p. 7. The "timely and sufficient" notice to which Plaintiff refers is the phone call in which he alluded to a "report" from an attorney and stated that Duggan "was trying to sue [him]." Viewing the facts in the light most favorable to Plaintiff, he informed Defendant, via its answering service, that Duggan was suing him. Plaintiff, however, did not inform Defendant that he had been served with a summons and complaint and did not promptly send these legal documents to Defendant.

"The purpose of provisions requiring the insured to inform the insurer of suits filed is to afford the insurer the opportunity to defend on the merits of the case." *Ramey*, 54 Ark. App at 310. Defendant was afforded no such opportunity in this case. Plaintiff never informed the representative on the phone call that he had been served with process in the Duggan lawsuit. Thus, Plaintiff's purported notice was insufficient to inform Defendant that a lawsuit had been filed. Moreover, Plaintiff was required to strictly comply with the notice requirement, which included promptly providing Defendant with copies of any legal papers connected to an accident or loss. Plaintiff was

7

served with a summons and complaint, but there is no dispute that he did not promptly send these documents to Defendant. Plaintiff failed to strictly comply with this condition precedent to coverage, so he has forfeited the right to recover from Defendant.

Plaintiff argues alternatively that, because he is an "unsophisticated party" who relied on the information he was given during the phone call, Defendant should be estopped from denying coverage. ECF No. 48, p. 12. During the phone call, Plaintiff asked if Defendant would "get the police report" or if he "need[ed] to send one." Parton replied that she believed Defendant was going to "go ahead and get . . . [a] copy of the police report" and that if Plaintiff was "required to send anything in they'll let you know how to do it." ECF No. 42-1, p. 16. According to Plaintiff, his failure to promptly send Defendant the summons and complaint was precipitated by Parton's statement that Defendant's representative would contact him and that he would be notified if he was required to send any documents to Defendant.

Plaintiff does not cite to any law in support of his estoppel argument that would excuse his failure to strictly comply with the notice provision as required by Arkansas law. Moreover, Parton's statement about sending in documents was made in response to Plaintiff's question about sending in a police report. The Court cannot find that Defendant should be estopped from denying coverage based on the aforementioned statement when Defendant had no knowledge of Plaintiff having been served with a summons and complaint. *See Ramey*, 54 Ark. App. at 309 ("As a general rule, there can be no waiver of an insured's noncompliance with such a provision where the insurer does not have knowledge of all the material facts.").

Plaintiff failed to comply with a condition precedent to coverage, so Defendant had no duty to defend or indemnify Plaintiff. Accordingly, the Court finds that summary judgment should be granted in Defendant's favor.

## IV.  CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion for Summary Judgment (ECF No. 39) should be and hereby is **GRANTED** and that Plaintiff's Motion for Summary Judgment (ECF No. 42) should be and hereby is **DENIED**.  Accordingly, this case is **DISMISSED WITH PREJUDICE**.  A judgment of even date shall issue.

**IT IS SO ORDERED**, this 28th day of May, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge